IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW N.P. JONES, | : |
| Plaintiff, | : |
| v. | :   Civil Action No. 18-1207-RGA |
| ALICIA HOWARD, et al., | : |
| Defendants. | : |

Matthew N.P. Jones, Greenwood, Delaware. Pro Se Plaintiff.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware; Counsel for Defendants.

## **MEMORANDUM OPINION**

November **19**, 2018
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on August 8, 2018. (D.I. 2). Jones asserts jurisdiction by reason of a United States government defendant[1] and a federal question. Defendants move for dismissal, prior to screening of the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). (D.I. 5). In addition, Plaintiff moves for my recusal.

## BACKGROUND

Defendants are Alicia Howard, a Superior Court Commissioner, and Valerie Farnan, a Deputy Attorney General. It appears that the event complained of involves a trial for involuntary civil commitment.

The allegations in the instant Complaint are similar to those in the amended complaint Plaintiff filed in *Jones v. Dover Behavioral Health System*, Civ. No. 17-394 at D.I. 17. The Complaint does not provide the exact date for any of the actions complained of by Plaintiff, although he alleges that in 2018 he was deprived of his right to trial and parts of the trial were held without his presence in the courtroom. (D.I. 2 at 3). He alleges that on more than one occasion a trial was held without notice. He alleges Defendant Commissioner Alice Howard claimed the Court did not have Jones' telephone number. (*Id.*).

Plaintiff alleges that he was denied the right to choose his own psychiatrist and health care provider; Defendants named them. (*Id.*). When Plaintiff protested, he was removed from the Courtroom and Commissioner Howard told him she was "not going to take the time to find the law and show it to" him. (*Id.*).

---

[1] The United States government is not a named defendant.

Plaintiff alleges that he is forced to take medications that are unhealthy for his body. (*Id.*). He alleges this violates federal criminal statutes. (*Id.*). Plaintiff alleges that the side effects of the medications and injections he was forced to take were not discussed with him, and he was not provided with literature or alternative options in violation of 42 U.S.C. 9501(1)(C)(i-vi). (*Id.*). Plaintiff alleges that his "condition was maliciously made. A known falsehood, schizophrenia. Symptoms of the disease are that [Plaintiff] 'delusionally' believe[s] that Linda C. Jones is not [his] birth mother" in violation of 18 U.S.C. § 1035. (*Id.*). Plaintiff alleges that schizophrenia can be detected by a brain scan, but Defendants did not conduct a scan. (*Id.* at 4). Plaintiff alleges that "on his own," he paid to scan his brain for schizophrenia and other mental illness. (*Id.*). The results indicate that he has a disease free and healthy brain. (*Id.*).

Plaintiff alleges that the misdiagnosis and intolerable poisonings constitute cruel and unusual punishment in violation of the Eighth Amendment. (*Id.*). He alleges the mental health mistreatment coincide with life-long abuse, assault, attempted murder and rape by the Sussex County Court System and Delaware Attorney General's Office. (*Id.*). Plaintiff alleges Defendants' actions have prevented him from owning a firearm in violation of the Second Amendment, and Defendants falsified Plaintiff's records in violation of the Thirteenth Amendment. (*Id.*). He alleges the illegal activity of supervision and diagnosis of illiteracy and insanity hinder his First Amendment rights to freedom to speech and religion. (*Id.* at 5). Plaintiff invokes his Seventh Amendment right to trial. (*Id.*).

Plaintiff alleges he has been injured from head to toe. (*Id.* at 6). The antipsychotics given him have poisoned his body and brain. (*Id.*). The reputation as a

2

schizophrenic man hinders his work and ability to find work. (*Id.*). He seeks two billion dollars in damages. (*Id.* at 7).

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke,* 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be

3

inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding

4

whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## RECUSAL

Plaintiff moves for my recusal under 28 U.S.C. § 455(a). (D.I. 6). He claims that I have been abusive in denying him *in forma pauperis* status and refusing to issue U.S. Marshal service of summons and complaint in cases where he was granted *in forma pauperis* status. Jones contends that I set and hold him to deadlines, but do not hold his opponents to any deadlines, including deadlines of default judgment. He contends that even after evidence has been provided, I have taken no action on his behalf. Thus, Plaintiff contends that he remains kidnapped, raped, and poisoned under a false identity, all in violation of his First, Second, Eighth, and Thirteenth Amendment rights.

A judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor).

Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration - even a stern and short-tempered judge's ordinary efforts at courtroom administration - remain immune." *Id.* at 555-56.

It is evident that Plaintiff takes exception to my prior rulings and this serves as his basis to seek recusal. A reasonable, well-informed observer could not believe that the rulings were based on impartiality, bias, or actual prejudice by me. Nor do my rulings demonstrate the Court acting in such a manner when ruling in the cases wherein Jones is a party. After careful and deliberate consideration, the undersigned concludes that the Court has no actual bias or prejudice towards Jones and that a reasonable, well-informed observer would not question the Court's impartiality. In light of the foregoing standard and after considering Plaintiff's assertions, I conclude that there are no grounds for my recusal under 28 U.S.C. § 455. Therefore, I will deny the motion.

## DISMISSAL

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that they are immune from suit and the Complaint does not state any plausible facts against either of them (D.I. 5). Jones opposes. (D.I. 7).

Given the allegations, it is evident that Plaintiff takes exception to acts taken during the course of judicial proceedings. Defendants, however, are immune from suit. Commissioner Howard has judicial immunity. *See Capogrosso v. The Supreme Court*

*of New Jersey*, 588 F.3d 180 (3d Cir. 2009) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Defendant Deputy Attorney General Valerie Farnan has prosecutorial immunity. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008); *Cornejo v. Bell*, 592 F.3d 121, 127-28 (2d Cir. 2010) (absolute immunity extended to state and federal officials initiating noncriminal proceedings such as administrative proceedings and civil litigation); *Smith v. Shorstein*, 217 F. App'x 877 (11th Cir. 2007) (per curiam) (prosecutor who initiated confinement of state prisoner under Involuntary Civil Commitment of Sexually Violent Predators Act were entitled to absolute prosecutorial immunity); *Roache v. Attorney Gen.'s Office*, 2013 WL 5503151, at *13-14 (N.D.N.Y. Sept. 30, 2013) (attorneys from the New York State Attorney General's Office who commenced civil commitment proceeding pursuant to Mental Health Law entitled to prosecutorial immunity).

In addition, the Complaint fails to state claims against Defendants. Plaintiff refers to several federal criminal statutes including 18 U.S.C. §§ 1115, 1117, and 1035. To the extent that Plaintiff seeks to impose criminal liability upon Defendants pursuant to the criminal statutes upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124

7

(1979). Therefore, the criminal claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Complaint refers to the Mental Health Bill of Rights, 42 U.S.C. § 9501. However, numerous court have determined that the Mental Health Bill of Rights, 42 U.S.C. § 9501, does not create a private right of action. *See, e.g., N.A.M.I. v. Essex Cty. Bd. of Freeholders*, 91 F. Supp. 2d 781, 786 (D.N.J. 2000) ("This Court agrees with the Court of Appeals for the First Circuit and the District Court for the Eastern District of Pennsylvania that the Restatement of Bill of Rights for Mental Health Patients does not create any judicially enforceable rights or duties."); *see also, Merryfield v. Schearrer*, 2008 WL 4427656, at *6 (D. Kan. Sept. 25, 2008); *Semler v. Finch*, 2008 WL 4151825, at *9 (D. Minn. Sept. 3, 2008), *aff'd*, 333 F. App'x 156 (8th Cir. 2009); *Benge v. Pounds*, 2008 WL 384567 at *3 (D. Colo., Feb. 7, 2008) ("Nothing in the language of the statute indicates an intent by Congress that the 'Restatement of Bill of Rights for Mental Health Patients' should create a private cause of action."); *Green v. Lichtcsien*, 2001 WL 78915, *3 (N.D. Ill. Jan. 26, 2001) (and authorities cited therein). The Court follows this line of reasoning.

Finally, the allegations are conclusory, somewhat delusional, and the Court's experience and common sense, lead it to recognize that the Complaint does not state a facially plausible claim for relief. *See Iqbal*, 556 U.S. at 679.

## CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motion to change judge (D.I. 6); and (2) dismiss the Complaint as frivolous and based upon Defendants' immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and, in the

alternative, grant Defendants' motion to dismiss (D.I. 5). The Court finds that amendment is futile. Defendants are immune from suit regardless of how Plaintiff might replead his suit. Nothing in the Complaint suggests that there are other individuals who might be properly named as a defendant.

An appropriate order will be entered.